Dennis V. Tobolski, Esq. County Attorney Cattaraugus County
You have asked whether Cattaraugus County has the legal authority or obligation to maintain graded paths which the County acquired when it obtained title through tax foreclosure to approximately 1,000 acres that had been part of a large real estate development.
Several persons who had purchased lots from the developers (prior to the developers' financial difficulties) have requested the County to pay for snowplowing and other path maintenance. These individuals possess an easement of access through the property foreclosed by the County. However, the County has not, to date, assumed any obligation to maintain these paths.
The County is not obligated nor is it authorized to provide snowplowing or other maintenance for these individuals. The graded paths did not become public roads just because the County acquired them through tax foreclosure. The County has not followed any of the procedures that are necessary to transform a private path into a public road. (See e.g.,
§§ 115-118 of the Highway Law.)
Nor has the County assumed any obligation to maintain the graded paths because there is an easement of access through the property foreclosed by the County. This easement existed prior to the tax foreclosure. It is well established that a tax sale or tax foreclosure does not extinguish easements of access. See section 1020 of the Real Property Tax Law; Loening v Red Spring Land Co., 198 Misc. 151 (Sup Ct, Spec Term, Nassau Co [1949], affd 277 App. Div. 1050, rearg den277 App. Div. 1151); 1971 Op Atty Gen [Inf] 67; 1945 Op Atty Gen 296. The County took the land subject to the easement of access and has assumed only the obligation to continue providing an easement of access to adjoining property owners.
Since these paths are still private roads, the County is not only not
obligated to provide snowplowing and other maintenance, it has no authority to assume financial responsibility for such services. This issue has been addressed in an informal opinion issued by this office on June 9, 1980, a copy of which is enclosed. Although the opinion addresses a village's lack of authority to provide snow removal for private streets, the same principles are applicable to a county.